## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**IAN TAYLOR,**

      *Plaintiff,*

**v.**                         **Case No.: 8:20-cv-509-T-36CPT**

**CITIZENS TELECOM SERVICES
COMPANY, LLC,**

      *Defendant.*
_____/

### PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
### APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff, Ian Taylor (the "Named Plaintiff"), pursuant to Fed.R.Civ.P. 23, files this Unopposed Motion for Preliminary Approval of the Parties' Class Action Settlement (the "Motion"), with incorporated Memorandum of Law, and seeks an Order: (1) preliminarily approving the Settlement Agreement between the Named Plaintiff, the putative class, and Defendant; (2) preliminarily certifying a class for settlement purposes only; (3) approving the form and manner of notice to the class; (4) scheduling a fairness hearing for the final consideration and approval of the Parties' settlement; and, finally, (5) approving the settlement in a subsequent Order. A proposed Order is attached as Exhibit A. In support of this Motion, Plaintiff respectfully submits the following:

## I.    <u>BRIEF OVERVIEW</u>.

### A.    <u>The Litigation</u>.

On March 4, 2020, Taylor, individually and on behalf of a putative class, filed a Complaint in the United States District Court for the Middle District of

Florida, alleging Defendant failed to provide Taylor and the Class adequate notice of their right to continued health care coverage under COBRA. *See* ECF No. 1.

Taylor alleged that the COBRA notice issued to him and to the putative class failed to provide an explanation of the continuation coverage termination date; failed to provide the address to which payments should be sent, failed to identify the plan administrator, and that the COBRA notice was not written in a manner calculated to be understood by the average plan participant. *Id.* Taylor alleged that he and other similarly-situated individuals are entitled to statutory damages, attorneys' fees, and costs as a result. *Id.*

On October 18, 2020, Defendant filed a Motion to Dismiss. *See* ECF No. 32. On December 2, 2020, the Court entered an order staying the Litigation pending completion of mediation. *See* ECF No. 37. On February 11, 2021, Taylor, Frontier, and Empyrean (accompanied by a representative of its insurer) attended remote mediation conducted by Rodney Max, a highly-regarded professional mediator, via Zoom Conference. Mr. Taylor participated in the conference, along with his attorneys. *See* ECF No. 40.

Prior to, during, and following the mediation conference, the Parties have engaged in substantial arms-length negotiations to resolve the Litigation with a view by Taylor's counsel toward achieving substantial benefits for the Settlement Class, and by all Parties to avoid the cost, delay, and uncertainty of further litigation, trial, and potential appellate practice.

The terms of the Settlement Agreement (attached hereto as Exhibit B), are similar to other COBRA class action settlements approved in the Middle District of Florida, including most recently by Judge Bucklew in *Silberstein v. Petsmart, Inc.*, 8:19-cv-02800-SCB-AAS (M.D. Fla. December 4, 2020) (Doc. 38), and also by Judge Merryday in *Valdivieso v. Cushman & Wakefield, Inc.*, M.D. Fla. Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) (Doc. 92), Judge Moody in *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34), Judge Jung in *Carnegie v. FirstFleet Inc.*, M.D. Fla. Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019), (Doc. 63), and Judge Scriven in *Vazquez v. Marriott International, Inc.*, M.D. Fla. Case No. 8:17-cv-00116-MSS-MAP (Feb. 27, 2020, Doc. 127).

If approved here, the settlement provides for immediate relief to approximately 16,317 Settlement Class Members. Defendant will make available the gross sum of $709,789.50 into a common fund as per the terms of the Settlement Agreement. Class members who file valid claims are entitled to a gross payment per Settlement Class Member and it is expected that net recovery will range between $20.00 - $30.00 if the amounts sought under the agreement are approved. Such range is consistent with other COBRA class action settlements approved in this district.

In sum, based on the experience and judgment of experienced class counsel, Mr. Taylor and his counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class Members,

and in their best interests. Thus, the Parties respectfully ask that this settlement be approved.

**B.** **Mediation And Settlement Agreement.**

The Parties' efforts culminated in settlement of the class through mediation as defined by the Court, consisting of approximately 16,317 members. The Parties thereafter executed a Class Settlement Agreement attached to this motion as Exhibit B (the "Agreement"). The settlement class is defined as follows:

> **Nationwide COBRA Class:**
> **(i) All participants and beneficiaries in Frontier's Health Plan (ii) who, within the four (4) years prior to the filing of the Complaint, were sent a COBRA notice by Frontier (iii) as a result of a qualifying event and (iv) who did not elect COBRA**.

The Agreement, subject to Court approval, provides for settlement under the following key terms:

- Defendants agree to make available a gross Settlement Fund in the amount of $709,789.50;

- Every Settlement Class Member that timely submits a claim will receive a payment from the Settlement Fund of approximately $20.00 - $30.00;

- Payment from the Settlement Fund of the cost of notice and administration of approximately $85,000;

- Payment to the named plaintiff of $5,000.00 in exchange for a general release of all other employment and all other claims he is releasing against the Released Parties, including but not limited to any claims related to termination of his employment with Frontier; and

- Payment from the Settlement Fund of Class Counsel's attorney's fees in an amount of one-third of the total amount that will be made available in connection with the gross Settlement Fund, plus costs, for a total of $241,826.50.

## II. **PRELIMINARY CLASS CERTIFICATION.**

As part of preliminary approval of the settlement, Plaintiff respectfully seeks certification of the Settlement Class for the purposes of settlement, as described here.

### A. **The Settlement Meets the Requirements of Rule 23(e) for Approval.**

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any settlement agreement that will bind absent class members. This involves a two-step process. *Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, at *5 (S.D. Fla. June 15, 2010); *Holman v. Student Loan Xpress. Inc.*, 2009 U.S. Dist. LEXIS 113491, at *7 (M.D. Fla. Nov. 19, 2009).

"In the first step of the process, a court should make a preliminary evaluation of the fairness of the settlement before directing that notice be given to the settlement class." *Smith*, 2010 U.S. Dist. LEXIS at *5-6.

Second, following preliminary approval of the settlement, class members are provided notice of a formal fairness hearing, at which time arguments and evidence may be presented in support of, or in opposition to, the settlement. *Id.* The decision whether to approve a proposed class action settlement is "committed to the sound discretion of the district court." *In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992). In exercising this discretion, courts are mindful of the "strong judicial policy favoring settlement," as well as "the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "Settlement agreements are highly favored in the law and will

be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *Pierre-Val v. Buccaneers Ltd. Partn.*, 2015 U.S. Dist. LEXIS 81518 at *2-3 (M.D. Fla. June 17, 2015) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir.1977)).

Under Rule 23(e)(2), Courts look to whether (1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate; and (4) the proposal treats class members equitably relative to each other. This standard is satisfied here and the Court should enter an order preliminarily approving the Class Action Settlement Agreement.

### 1. The Class representative and Class Counsel Have Adequately Represented the Class.

There is no question that the Named Plaintiff, Ian Taylor, and the undersigned have adequately represented the class. This first Rule 23(e)(2) requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (*citing Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008).

Here, the adequacy-of-representation requirement has been met. The Named Plaintiff, Ian Taylor, is adequate given that his interests are equivalent to those of the Settlement Class. There is also no obvious conflict of interest between

the Named Plaintiff and the Settlement Class. The Named Plaintiff has the same interest as the Settlement Class members in prosecuting the claims that have been asserted in the Complaint in this case. He, along with his counsel, secured a high six-figure settlement from a highly-sophisticated Defendant in favor of the class members he seeks to represent.

With respect to Class Counsel, as demonstrated in the attached declarations, the proposed attorneys have extensive class action experience, and have been appointed as class counsel in many, many class action cases, including the following recent COBRA class action cases: *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34); *Valdivieso v. Cushman & Wakefield, Inc.*, M.D. Fla. Case No.: 8:17-cv-00118-SDM-JSS (M.D. Fla. Dec. 7, 2018) (Doc. 92) (appointing undersigned as class counsel in a COBRA notice class action), and *Carnegie v. FirstFleet Inc.*, M.D. Fla. Case No.: 8:18-cv-01070-WFJ-CPT (M.D. Fla. June 21, 2019) (Doc. 63) (same).

When, as here, the Parties are represented by counsel who have significant experience in class-action litigation and settlements, including specifically COBRA/ERISA cases, and no evidence of collusion or bad faith exists, the judgment of the litigants and their counsel concerning the adequacy of the settlement is entitled to deference. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 532-33 (E.D. Ky. 2010) *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011) ("in deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of

plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference"); *see, e.g., UAW v. Ford Motor Co.*, 2008 WL 4104329 at \*26 (E.D. Mich. August 29, 2008) ("[t]he endorsement of the parties' counsel is entitled to significant weight, and supports the fairness of the class settlement."). Thus, the proposed settlement satisfies Rule 23(e)(2)'s first component, adequacy.

### 2. The Settlement Is the Product of Arm's Length Negotiations Between Experienced Counsel Before a Neutral Mediator.

The next Rule 23(e)(2) factor is also satisfied because the proposed Settlement is the product of arm's length negotiations that were overseen by an experienced and impartial mediator who was selected and appointed by the Court. (Doc. 28). This also weighs in favor of approval. *See Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator").

The proposed Settlement, and the record in this case, show that the Settlement Agreement was the product of extensive and detailed arm's-length, and extended, negotiations between the Parties and their counsel. The Parties participated in mediation with Mr. Max, including an all-day mediation conference , at great expense to both sides, with no promise Plaintiff's counsel would recover anything at all. No deal was reached on the day of the mediation conference itself but, with Mr. Max's help, following the mediation conference the parties were able to resolve this matter (subject to Court approval). The Parties and counsel were well-informed of

the potential strengths and weaknesses of their positions and conducted good faith negotiations in an effort to avoid costly and protracted litigation. Attorneys' fees were not discussed until the class members' recovery was decided upon.

Moreover, as stated above, all counsel involved in the negotiations are experienced in handling class action litigation and complex litigation, and are clearly capable of assessing the strengths and weaknesses of their respective positions. *See generally* Declarations of Luis A. Cabassa and Brandon J. Hill; *see also Pierre-Val*, 2015 U.S. Dist. LEXIS at *2 ("courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks"). Where there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement … counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005).

### 3. The Settlement Provides Significant Relief to Class Members.

As detailed above, the Settlement will provide substantial relief to Settlement Class members, satisfying the third Rule 23(e)(2) factor. The Settlement requires Defendant to make available $709,789.50 to resolve the claims at issue. This represents a gross amount of approximately $43.50 per Settlement Class member ($709,789.50 ÷ 16,317 = $43.50). Such amount falls well within the range of reasonableness for settlement purposes. *See e.g., Vazquez v.*

*Marriott International, Inc.*, M.D. Fla. Case No. 8:17-cv-00116-MSS-MAP (Feb. 27, 2020, Doc. 127) (Judge Scriven approved gross recovery of $13.00 per class member in 20,000 settlement class); *Gilbert v. SunTrust Banks, Inc.*, Case No. 9:15-80415-Civ-Brannon (S.D. Fla. July 29, 2016) (court approved settlement COBRA notice case in which each class member's gross recovery was $32 and net of $11); *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (court approved settlement COBRA notice case in which each class member's gross recovery was $24 and net of $13).

Settlement Class members who make a valid claim and do not opt-out will share in the recovery.

In determining whether a proposed settlement is fair, adequate and reasonable, the Court should consider several factors, including: (1) the likelihood of success at trial;  (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Waters*, 2012 U.S. Dist. LEXIS 99129, at *33 (*citing In re CP Ships Ltd. Securities Litigation*, 578 F.3d 1306, 1317-18 (11th Cir. 2009)). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a

preliminary finding of fairness." *In re Checking Account Overdraft Litig.*, 2012 U.S. Dist. LEXIS 56115, at *51-52 (citations and quotations omitted).

There is a risk that Plaintiff could recover nothing even if the Court were to determine that the COBRA Notice at issue had a technical deficiency. *See, e.g., Ctr. for Orthopedics & Sports Med. v. Horizon*, 2015 U.S. Dist. LEXIS 133763, *16 (D.N.J. Sept. 30, 2015) (court did not impose statutory penalty because administrator did not act in bad faith); *Cole v. Trinity Health Corp.*, 2014 U.S. Dist. LEXIS 7047, *22 (N.D. Iowa Jan. 21, 2014) *aff'd* 774 F.3d 423 (8th Cir. 2014) (court did not award statutory penalty even though administrator did not send COBRA notice to plaintiff because administrator acted in good faith and plaintiff suffered no damages); *Gómez v. St. Vincent Health, Inc.*, 649 F.3d 583, 590-91 (7th Cir. 2011), as modified (Sept. 22, 2011) (affirming district court's decision to decline to award statutory penalties where plan participants were not "significantly prejudiced by the delay in notification."); *Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 736 (6th Cir. 2008) (affirming district court's decision to decline to award statutory penalties where counsel for the plan participant "was not able to articulate any appreciable harm" from the failure to provide notice). In addition, Defendant stopped using the COBRA form at issue in this case. Accordingly, the negotiated relief is more than adequate, and should be approved.

As set forth above, continuing the litigation would have been complicated, protracted, and expensive. The risk of the Named Plaintiff being unable to establish liability and damages was also present because of the numerous defenses

asserted by Defendant. Because this case settled not long after filing, Named Plaintiff had yet to survive Defendants' pending motion to dismiss, class certification, and summary judgment. Each of these phases of litigation presented serious risks, which the settlement allows Named Plaintiff and the Settlement Class to avoid. *See, e.g. In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("Litigation inherently involves risks.").

Courts reviewing the issue of fairness have also favored settlements that allow even partial recovery for class members where the results of suits are uncertain. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Risk that the class will lose should the suit go to judgment on the merits justifies a compromise that affords a lower award with certainty."); *see also In re Mexico Money Transfer Litigation*, 267 F.3d 743 (7th Cir. 2001).

The gross *pro rata* Settlement Class member amount in this settlement is in line with per class member settlement amounts in similar cases. Under the Parties' Settlement Agreement the Settlement Class members can quickly realize a portion of their possible statutory damage claims from the Settlement Fund, even if the amount is less than the amount that could have been recovered through successful litigation. Likewise, Defendant caps its exposure at less than the amount it could owe to each Settlement Class member if it were to lose at trial, in addition to avoiding protracted litigation and a trial which would involve significant time and expense for all Parties. The Named Plaintiff supports the Settlement. Class Counsel believes that the bulk of the other members of the Settlement Class will have a

favorable reaction to the Settlement and not object to it once they have been advised of the settlement terms through a Court-approved certification and settlement notice.

### 4. The Proposal Treats Class Members Equitably Relative to Each Other.

The last Rule 23(e)(2) factor is satisfied because the proposed settlement treats class members equitably. If Plaintiff had chosen to continue to litigate his claims, a successful outcome was not guaranteed. As discussed below, Plaintiff faced significant risks with respect to liability, damages, and certification of a litigation class. First, with respect to liability, important issues remained to be decided upon the evidence presented. The Court did not have before it (and therefore did not consider) arguments Defendant would have raised at summary judgment.

Second, with respect to damages, the pertinent regulations provide for a maximum statutory penalty of $110 per day, but no minimum penalty. *See* 29 C.F.R. § 2575.502c-1. Whether or not to award statutory penalties is left completely within the discretion of the court. *See Scott v. Suncoast Beverage Sales, Ltd.,* 295 F.3d 1223, 1232 (11th Cir. 2002). In other words, even if Plaintiff was able to prove that Defendant violated the COBRA-notice regulation, Plaintiff and Settlement Class Members may have recovered only nominal damages, or even nothing at all.

Finally, Plaintiff would have faced risks on class certification as well. In certain cases involving deficient COBRA notices, class certification has been denied. *See, e.g., Brown-Pfifer v. St. Vincent Health, Inc.,* 2007 U.S. Dist. LEXIS

69930, at *26 (S.D. Ind. Sept. 20, 2007); *Bryant v. Wal-Mart Stores, Inc.*, 2020 WL 4333452, at *16 (S.D. Fla. July 15, 2020); *Kane v. United Indep. Union Welfare Fund,* 1998 U.S. Dist. LEXIS, at *19 (E.D. Pa. Feb. 24, 1998). Thus, it was not guaranteed that the Court would have certified a class on the basis of the contested motion for class certification and the response in opposition thereto in this case.

To avoid the foregoing risks, it was reasonable for Plaintiff to settle the case at this juncture, in order to assure class-wide monetary and prospective relief for members of the Settlement Class. *See, Bennett v. Behring Corp.,* 76 F.R.D. 343, 349-50 (S.D. Fla. 1982) (stating that it would have been "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers ... to the vagaries of a trial"), *aff'd,* 737 F.2d 982 (11th Cir. 1984).

Pursuant to Rule 23(e)(3), it is also noted that the settlement contemplates the payment of $5,000 to Named Plaintiff Taylor in exchange for his general release of claims he may have against the Released Parties, including but not limited to any claims related to termination of his employment with Frontier. Mr. Taylor is a former employee of Frontier's. While Frontier would dispute the merits of any claims, he at least has potential claims related to the circumstances of his separation from Frontier. Because Frontier and Mr. Taylor seek to resolve any remaining disputes between them, Frontier has agreed to pay the amount of $5,000.[1]

---

[1] The reason why this general release payment is contingent upon the Settlement being approved is because if the Settlement is not approved, Mr. Taylor will retain the right to pursue any claims against Frontier. For instance, if the Court were to deny certification of the COBRA Notice class, Mr. Taylor would then prosecute his COBRA claim on an individual. Under Fed. R. Civ. P. 18, he could then seek to join such additional released

### 5. The Settlement Will Avoid a Complex, Expensive, and Prolonged Legal Battle Between the Parties.

Aside from the risks of litigation, continuing the litigation would have resulted in complex, costly, and lengthy proceedings before this Court and likely the Eleventh Circuit, which would have significantly delayed relief to Settlement Class members (at best), and might have resulted in no relief at all. In the absence of a settlement, Plaintiff would have had to take depositions, appear for his own deposition, engage in class certification motion practice, engage in summary judgment motion practice, prepare for trial, and present his case at a trial on the merits. The costs associated with these litigation activities would have been significant. Moreover, even if Plaintiff had won certification of a class and litigated the class claims to a successful conclusion, it is likely that Defendant would have appealed any judgment entered against it, resulting in further expense and delay.

Complex litigation such as this "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.,* 967 F.2d at 493. By entering into a settlement now, Plaintiff saved precious time and costs, and avoided the risks associated with further litigation.

---

claims, including common-law or statutory employment related claims. In fact, under the claim-splitting doctrine, he perhaps would even be required to join such claims—or lose them for good. *See, e.g., Vanover v. NCO Fin. Services, Inc.,* 857 F.3d 833, 843 (11th Cir. 2017) (holding that "the objective of the claim-splitting doctrine to promote judicial economy and shield parties from...duplicative litigation...."); *Comer v. City of Palm Bay,* 147 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001) ("Under the rule against splitting causes of action, a plaintiff must combine in his or her action all those claims arising out of the same transaction or occurrence as the plaintiff's original claim.").

## IV.    The Proposed Notice of Settlement Is Reasonable.

In addition to reviewing the substance of the parties' Settlement Agreement, the Court must ensure that notice is sent in a reasonable manner to all Settlement Class Members who would be bound by the proposed settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all potential class members who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). That is precisely the type of notice contemplated here.

Under the Settlement, each member of the Settlement Class will be sent a Short Form Notice of the proposed settlement via U.S. First-Class Mail, informing them of the terms of the Settlement and their right to opt-out or object.  The Short Form Notice will direct the Settlement Class members to the Settlement Administrator's website where additional information will be provided. The content of the long form of the Notice is also reasonable and appropriate. Under Rule 23(c)(2)(B), the notice must clearly and concisely state: (i) the nature of the action; (ii) the definition of the class certified; (iii) how to timely file a claim; (iv) the class claims, issues, or defenses; (v) that a class member may enter an appearance through an attorney if the member so desires; (vi) that the court will exclude from the class any member who requests exclusion; (viii) the time and manner for requesting exclusion; and (viii) the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed Notice of Settlement includes all of this information. In addition, the Notice of Settlement clearly spells out the terms of the proposed Settlement,

provides a website address where class members can obtain a copy of the Settlement Agreement and other relevant documents, and includes a phone number that class members may call if they have any questions. Accordingly, this Court should approve both the Short Form Notice and the long form Notice of Settlement, as both the contents of the notices and the methods of dissemination are reasonable.

## V. Class Certification Is Appropriate Under Rule 23(a) for Settlement Purposes.

In addition to approving the proposed Settlement and Notice of Settlement, this Court should also certify the proposed Settlement Class for settlement purposes under Fed.R.Civ.P. 23(a). "A class may be certified solely for the purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks and citation omitted). Whether to certify a class action rests within the sound discretion of the district court. *Cooper v. Southern Co.,* 390 F.3d 695, 711 (11th Cir. 2004).

However, in the context of a settlement, class certification is more easily attained because the court need not inquire whether a trial of the action would be manageable on a class-wide basis. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial."). Thus, "[t]he requirements for class certification are more readily satisfied in the

settlement context than when a class has been proposed for the actual conduct of the litigation." *White v. Nat'l Football League,* 822 F. Supp. 1389, 1402 (D. Minn. 1993) (citations omitted); *see also Horton v. Metropolitan Life Ins. Co.,* 1994 U.S. Dist. LEXIS 21395, at *15 (M.D. Fla. Oct. 25, 1994).

### A. <u>The Requirements of Rule 23(a) are Met</u>.

Rule 23(a) sets forth four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). Plaintiff has satisfied all four requirements as set forth below.

#### 1. <u>Numerosity</u>.

Rule 23(a)(1) requires Plaintiff to show that the number of persons in the proposed class is so numerous that joinder of all class members would be impracticable. Here, there are approximately 16,317 members of the proposed Settlement Class. Thus, the numerosity standard is easily satisfied. *See Williams v. Wells Fargo Bank, N.A.,* 280 F.R.D. 665, 671-72 (S.D. Fla. 2012) ("a class size of more than forty is adequate").

#### 2. <u>Commonality</u>.

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." In order to satisfy this requirement, there must be "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mowhawk Indus., Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks and citation omitted). "The commonality element is generally satisfied when a plaintiff alleges that defendants have engaged in a

standardized course of conduct that affects all class members." *In re Checking Account Overdraft Litig.,* 275 F.R.D. 666, 673 (S.D. Fla. 2011) (internal brackets and quotations marks omitted). Here, there are common issues regarding (among other things): (1) whether Defendant violated COBRA's notice requirements; (2) whether and to what extent statutory penalties are appropriate. These common issues support certification of the proposed Settlement Class for settlement purposes only. *See Pierce v. Visteon Corp.,* 2006 U.S. Dist. LEXIS 98847, at *12 (S.D. Ind. Sept. 14, 2006) (holding there was commonality where plaintiff challenged defendants' COBRA notice practices "as applied to the entire class"); *Hornsby v. Macon Cty. Greyhound Park, Inc.,* 2013 U.S. Dist LEXIS 6235, at *5 (M.D. Ala. Jan. 16, 2013) (finding commonality satisfied and certifying COBRA notice class for settlement purposes).

### 3. **Typicality.**

The typicality requirement "tend[s] to merge" with the commonality requirement. *Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *see also In re Checking Account Overdraft Litig.,* 275 F.R.D. at *3 n.8 (citation omitted). Typicality is satisfied where the named plaintiff's claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984).

Here, Plaintiff is typical of the Settlement Class that he seeks to represent, as he received the same COBRA notice as the putative class members and their

claims stem from that COBRA notice. Accordingly, Rule 23(a)(3) is also satisfied. *See Pierce,* 2006 U.S. Dist. LEXIS 98847, at *13 (typicality met where "[a]ll of the class claims stem from Defendants' alleged failure to provide COBRA notices pursuant to the dictates of 29 U.S.C. § 1166, a common course of conduct, and are based upon the same legal theory").

### 4. <u>Adequacy</u>.

The requirement of adequate representation addresses two issues: (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the named plaintiff has interests antagonistic to those of the rest of the class. *Williams,* 280 F.R.D. at 673. Here, Plaintiff's counsel have extensive experience litigating other class action cases. *See generally* Declarations of Luis A. Cabassa. Moreover, "[t]here is nothing to indicate that [Plaintiff's] interests are in conflict with any members of the class." *Brand v. Nat'l Bank of Commerce,* 213 F.3d 636 (5th Cir. 2000). To the contrary, Plaintiff "shares common interests with the class members and seek[s] the same type of relief[.]" *In re Checking Account Overdraft Litig.,* 275 F.R.D. at *7. Accordingly, the adequacy requirement is also met.

### B. <u>The Requirements of Rule 23(b)(3) for Class Certification are Also Met</u>.

In addition to satisfying Rule 23(a), parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem,* 521 U.S. at 623. Here, Plaintiff seeks certification under Rule 23(b)(3), which allows a

class action to be maintained if: (1) questions of law or fact common to the class members predominate over any questions affecting only individual members; and (2) a class action is superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Both of these criteria are satisfied here.

### 1. **Predominance**.

The predominance requirement of Rule 23(b)(3) requires that "[c]ommon issues of fact and law...have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs.,* Inc., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). This requirement is "readily met" in consumer cases. *Amchem,* 521 U.S. at 624.

Here, the common questions identified above predominate over any individualized issues. The central issues revolve around a standardized COBRA notice that was common to all Settlement Class members, whether that notice complied with applicable regulations, and whether Defendant should be required to pay statutory penalties for utilizing that notice. In similar cases involving COBRA notices, courts have found that common issues predominated. *See, e.g., Slipchenko v. Brunel Energy, Inc.,* 2013 U.S. Dist. LEXIS 124159 (S.D. Tex. Aug. 30, 2013).

### 2. **Superiority**.

The superiority requirement is also met. Resolving Settlement Class members' claims together in a class action is vastly superior to leaving each of them to fend for

themselves. Many Settlement Class Members who received Defendant's COBRA Notice are likely not even aware that their rights may have been violated, and are therefore unlikely to prosecute individual claims. *See Ramirez v. Palisades Collection LLC,* 250 F.R.D. 366, 374 (N.D. Ill. 2008). Moreover, given the relatively small size of the claims at stake (involving discretionary statutory penalties), it is unlikely that class members would have sufficient incentive to bring their claims on an individual basis. Moreover, even if Settlement Class members were able to individually prosecute their claims, "[s]eparate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *Kennedy v. Tallant,* 710 F.2d 711, 718 (11th Cir. 1983). Thus, a class action is superior to other available methods for fairly and efficiently adjudicating this dispute.

**WHEREFORE**, Plaintiff, with the agreement of Defendant, respectfully asks that the Court enter the attached proposed Preliminary Approval Order and:

(a)     certify the Settlement Class for settlement purposes only;

(b)     appoint Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel for settlement purposes;

(c)     authorize distribution of the Notice of Settlement to the Settlement Class;

(d)     set a Deadline to Opt Out or Object; and

(e)     set a date for a Final Approval Hearing, not to occur until at least ninety (90) days after the Court's Preliminary Approval Order.

(f)     grant any such other relief that Court deems proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned counsel conferred with counsel for Defendant regarding this Motion, and Defendant's counsel has no objection to the relief requested herein.

Dated: April 19, 2021.
/s/ Brandon J. Hill
**LUIS A. CABASSA**
Florida Bar No.: 053643
**BRANDON J. HILL**
Florida Bar No.: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: gnichols@wfclaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April, 2021, the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Brandon J. Hill
**BRANDON J. HILL**