**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IAN TAYLOR,

     *Plaintiff,*

v.                                                    Case No.: 8:20-cv-509-36CPT

CITIZENS TELECOM SERVICES
COMPANY, LLC,

     *Defendant.*

_____/

## CLASS-WIDE SETTLEMENT
## AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among Ian Taylor ("Plaintiff" or "Taylor"), on behalf of himself and the Settlement Class (as hereinafter defined), and Defendant Citizens Telecom Services Company, LLC, d/b/a Frontier Communications ("Defendant" or "Frontier") (collectively, the "Parties"). As provided herein, this Agreement fully and finally compromises and settles any and all claims for any alleged violation of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and any and all claims that were or could have been asserted based on the facts alleged in the lawsuit styled *Taylor v. Citizens Telecom Services Company, LLC*, Case No. 8:20-cv-00509 (M.D. Fla. 2020) (the "Litigation").

### RECITALS

1.     On March 4, 2020, Taylor, individually and on behalf of a putative class, filed a Complaint in the United States District Court for the Middle District

of Florida, alleging Defendant failed to provide Taylor and the Class adequate notice of their right to continued health care coverage under COBRA. *See* ECF No. 1.

2.      Taylor alleged that the COBRA notice issued to him and to the putative class failed to provide an explanation of the continuation coverage termination date; failed to provide the address to which payments should be sent, failed to identify the plan administrator, and that the COBRA notice was not written in a manner calculated to be understood by the average plan participant. *Id.*

3.      Taylor alleged that he and other similarly-situated individuals are entitled to statutory damages, attorneys' fees, and costs as a result. *Id.*

4.      On October 18, 2020, Defendant filed a Motion to Dismiss. *See* ECF No. 32.

5.      On December 2, 2020, the Court entered an order staying the Litigation pending completion of mediation. *See* ECF No. 37.

6.      On February 11, 2021, Taylor, Frontier, and Empyrean Benefit Solutions, Inc. ("Empyrean") (accompanied by a representative of its insurer) attended remote mediation conducted by Rodney Max, a highly-regarded professional mediator, via Zoom Conference. Mr. Taylor participated in the conference, along with his attorneys. *See* ECF No. 40.

7.      Prior to, during, and following the mediation, the Parties have engaged in substantial arms-length negotiations to resolve the Litigation with a view by Taylor's counsel toward achieving substantial benefits for the Settlement Class, and by all Parties to avoid the cost, delay, and uncertainty of further litigation, trial, and potential appellate practice.

8.      Based on the experience and judgment of experienced class counsel, Mr. Taylor and his counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class Members, and in their best interests.

9.      Taylor, on behalf of himself and the Settlement Class, and Defendant, desire to forever resolve and compromise the disputes between them.

10.      Frontier and Empyrean deny any fault, wrongdoing, or liability to Mr. Taylor or the Settlement Class Members for any relief, but believes the proposed settlement herein is desirable in order to avoid the further significant burden, expense, risk, and inconvenience of protracted litigation, and the distraction and diversion of its personnel and resources.

## AGREEMENT TO SETTLE

In exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree the Litigation is settled on the terms and conditions set forth below, subject to Court approval after a hearing and on finding that the instant settlement is fair, reasonable, and adequate.

## I.    Class Definition

For purposes of settlement only, the Parties agree to certification of the following Settlement Class:

> **(i) All participants and beneficiaries in Frontier's Health Plan (ii) who, within the four (4) years prior to the filing of the Complaint, were sent a COBRA notice by Frontier (iii) as a result of a qualifying event and (iv) who did not elect COBRA**.

Defendant represents that, according to records available to it, 16,317 participants and beneficiaries in the Defendant's Health Plan potentially meet this definition. Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement Class specifically excludes the following persons: the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children. Persons in the above class are collectively referenced herein as the "Settlement Class," and individually as "Settlement Class Members." Also excluded from the Settlement Class is any individual who opts out of the Settlement Class as described below.

## II.    Other Definitions

As used in this Agreement, the following terms have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

**A.**    "Agreement" means this Settlement Agreement and Release, and all attachments and exhibits to it.

**B.**    "Claims Administrator" shall mean Epiq, or such other entity the Court appoints, which, subject to Court approval, shall be responsible for administrative tasks, including, without limitation: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b) making any mailings to Settlement Class Members required under the terms of this Agreement; (c) answering all inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member

4

correspondence regarding requests for exclusion from the Settlement Class; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related case documents; (f) receiving and processing Settlement Claim Forms from and distributing settlement payments to Settlement Class Members; (g) paying from the Settlement Fund any fees and costs incurred or due to banks, credit card processing companies, or others for responding to subpoenas to locate or identify Settlement Class Members; and (h) otherwise assisting with implementation and administration of the terms of this Agreement.

      **C.**    "Class Counsel" means

> Brandon J. Hill (Fla. Bar No. 37061)
> Luis A. Cabassa (Fla. Bar No. 053643)
> Wenzel Fenton Cabassa, P.A.
> 1110 North Florida Ave., Suite 300
> Tampa, Florida 33602

      **D.**    "Class Notice" means the notice of the settlement to be sent to class members in the form or forms approved by the Court. This includes a "Summary Notice" and a "Long Form Notice." The Summary Notice shall be sent to all class members by first class regular mail as provided below. The Long Form Notice shall be posted on the Settlement Website. The Parties agree to propose approval of the form of Summary Notice attached as Exhibit 2, and the form of Long Form Notice attached as Exhibit 3.

      **E.**    "Class Representative" means Plaintiff Ian Taylor.

      **F.**    "Complaint" means the complaint filed in this lawsuit.

      **G.**    "Counsel for Defendant" means

> Aaron S. Weiss (Fla. Bar No. 48813)
> Charles W. Throckmorton  (Fla. Bar No. 101203)
> Carlton Fields, P.A.
> 700 NW 1st Avenue, Suite 1200
> Miami, Florida 33136

**H.**     "Court" means the court where this Litigation is currently pending, and any subsequent court(s) where Mr. Taylor seeks approval of this settlement.

**I.**     "Effective Date" means the date on which the Order of Final Approval becomes final, meaning the time for appealing the order has expired, or any timely appeal has been resolved in favor of approving, or affirming the approval of, this Agreement.

**J.**     "Fairness Hearing" means a hearing set by the Court after distribution of the Class Notice for the purpose of finally determining the fairness, adequacy, and reasonableness of this Agreement and settlement pursuant to the applicable rules of civil procedure, applicable law, and other procedural rules or requirements.

**K.**      "Opt-Out Deadline" shall have the same meaning as set forth in the Preliminary Approval Order issued by the Court.

**L.**     "Order of Final Approval" means the order entered by the Court that: (i) approves this Agreement, (ii) finds the settlement to be fair, reasonable, and adequate in accordance with the Federal Rules of Civil Procedure, (iii) makes such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including ruling on Class Counsel's application for attorneys' fees and expenses and the Incentive Payment for the Class Representative, and (iv) dismisses with prejudice the claims of the Class

Representative and all Settlement Class Members who do not opt out as provided by this Agreement. The Parties agree to propose entry of the form of Order of Final Approval attached as Exhibit 5.

**M.**   "Parties" means Plaintiff Ian Taylor, and Defendant Citizens Telecom Services Company, LLC, d/b/a Frontier Communications.

**N.**   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**O.**   "Preliminary Approval Order" means an order entered by the Court certifying the Settlement Class and granting preliminary approval to the settlement. The Parties agree to propose entry of the form of Preliminary Approval Order attached as Exhibit 1.

**P.**   "Released Claims" means all claims for relief that were raised or could have been raised by Plaintiff and the Settlement Class Members from the facts alleged in the Complaint, including, but not limited to, claims arising under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") or any similar regulation, statute, or other law.

**Q.**   "Request for Exclusion" means the written request Settlement Class Members must timely submit to opt out of the Settlement Class and this settlement.

**R.**   "Settlement Amount" means the $709,789.50 Defendant agrees to cause to be made available to settle this case pursuant to this Agreement.

**S.**   "Settlement Claim Form" means a document, in the form approved by the Court, to be completed by Settlement Class Members and submitted to the

Claims Administrator to receive a share of the settlement. The Parties agree to propose approval of the Settlement Claim Form attached as Exhibit 4.

      **T.**     "Settlement Fund" is the Settlement Amount to be made available by Defendant to the Claims Administrator to be used, subject to the Court's approval, to cover payment of claims submitted by Settlement Class Members, any award of attorneys' fees and expenses to Class Counsel, notice and administration costs, and any Incentive Payment.

      **U.**     "Settlement Website" means the website prepared by the Claims Administrator in connection with the process of providing notice to Settlement Class Members.

      **V.**     "Releasees" means Frontier, Empyrean Benefit Solutions, Inc., HealthEquity, Inc. and Wageworks, Inc., as well as their affiliates, parents, subsidiaries, predecessors, successors, co-ventures, divisions, joint ventures, insurers, and assigns, as well as each of those entities' past and present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants and auditors, banks and investment banks, consultants, vendors, contractors, licensors, franchisors, assigns, and service providers.

## III.  Settlement Terms

### A.    Certification of Settlement Class Contingent

Defendant's agreement to certification of the Settlement Class is contingent on the Parties' execution of this Agreement, entry of the Order of Final Approval

by the Court, and the Order of Final Approval becoming final and non-appealable. Except as provided below, if this Agreement, for any reason, does not receive final approval, if the Order of Final Approval does not become final, or if the Agreement is otherwise terminated, Defendant's agreement to certification of the Settlement Class shall be null and void, it shall be of no force or effect whatsoever, and it shall not be referred to or utilized for any purpose whatsoever.

**B.   Settlement Fund**

The gross sum of $709,789.50 (the "Settlement Fund") includes Class Counsel Attorney's Fees and Costs, and Class Settlement Administration Costs in connection with the Settlement.

**C.   Net Settlement Fund**

The Net Settlement Fund shall be the amount of money remaining after the Settlement Fund is reduced by the following amounts (i) Class Counsel Attorney's Fees and Costs approved by the Court; and, (ii) Class Settlement Administration Costs approved by the Court.

**D.   Settlement Payment**

Within fourteen days after the Effective Date, Frontier shall cause the following amount to be sent to the Claims Administrator for distribution to Settlement Class Members who do not timely and validly opt out of the settlement and who submit valid claims for a portion of the fund on a *pro rata* basis: the amount of the Net Settlement Fund, divided by 16,317, and then multiplied by the number of class members who made valid claims ("Class Member Payments Amount").  Each class member who makes a valid claim will receive a payment in

the amount of the Net Settlement Fund divided by 16,317. At the same time Frontier sends the Class Member Payments Amount to the Claims Administrator, Frontier shall also send the Claims Administrator an amount equal to the combined amount of (1) the Class Counsel Attorney's Fees and Costs approved by the Court, and (2) the Class Settlement Administration Costs approved by the Court. The distribution shall be as follows: (i) Settlement Awards shall be paid by electronic deposit or by check, (ii) within 45 days after the Effective Date, the Claims Administrator shall send payment to each claiming Settlement Class Member eligible to receive payment, (iii) the payment shall be made either by electronic deposit or by check sent by first-class mail, (iv) the Claims Administrator will perform skip tracing and re-mailing as reasonably necessary, and, (v) checks will be valid for 90 days from the date on the check.

## E.     Disposition of Unclaimed Funds

Any unclaimed amounts from the Net Settlement Fund, including any uncashed settlement compensation at the expiration of the 90-day period for negotiating checks used to distribute the Net Settlement Fund, and the remainder of the Class Member Payment Amounts at that time, shall automatically revert back to the Defendant.

## F.     All Released Claims Satisfied by Settlement Fund

Each Settlement Class Member shall look solely to the Settlement Fund for satisfaction of all Released Claims as provided in this Agreement.

## G.     Motion for Preliminary Approval

Promptly after execution of this Agreement, the Parties shall file a joint motion providing a copy of this Agreement and seeking entry of a Preliminary Approval Order. The motion shall explain why the Settlement Class meets the requirements of Federal Rule 23.

**H.    Standing and Jurisdiction.**

The Parties agree, for settlement purposes only, that both Named Plaintiff Ian Taylor and the class members have Article III standing.  The Parties also agree, for settlement purposes, that this Court has jurisdiction over both Named Plaintiff Ian Taylor's and the class members' claims in this case.

**I.    Attorneys' Fees and Costs**.

Plaintiff's counsel is entitled to petition the Court for attorneys' fees of up to one-third (33.3%) of the total Settlement Fund ($236,596.50), plus reasonable litigation costs ($5,230.00).  Frontier agrees not to oppose Plaintiff's counsel's request for one-third (33.3%) of the total Settlement Fund ($236,596.50), plus litigation costs ($5,230.00).  Plaintiff will file his unopposed request for attorneys' fees and costs no later than fourteen (14) days before the class member's objection deadline.

**J.    General Release from Taylor to Frontier and General Release Payment**.

(i)    In addition to the Released Claims as defined in Section II(P) and as set-forth in Section VI, Plaintiff Ian Taylor only, agrees to provide a general

release of all claims against Frontier, including but not limited to any claims related to termination of his employment with Frontier ("General Release").

(ii)     Pursuant to the General Release, Plaintiff Ian Taylor agrees to release Frontier, as well as its affiliates, parents, subsidiaries, predecessors, successors, co-ventures, divisions, joint ventures, insurers, and assigns, as well as each of those entities' past and present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants and auditors, banks and investment banks, consultants, vendors, contractors, licensors, franchisors, assigns, and service providers, of all claims that Plaintiff Ian Taylor may have against those entities related in any way to his employment with Frontier, including but not limited to his termination, payment of wages, and provision of benefits.

(iii)    In exchange for this General Release, Frontier shall pay $5,000.00 to Taylor (exclusive of his standard pro-rata share as a Settlement Class Member) as a General Release Payment in consideration for full and final settlement of all claims he has had or may have had against Frontier as set forth above.

(iv)    The General Release Payment shall not come from the Settlement Fund.

(v) The General Release payment shall be made within seven days of the Order of Final Approval becoming final and non-appealable.

(vi) In the event that the Court does not approve the Settlement, the General Release set forth in this section shall be deemed null and void and Frontier shall not be obligated to make the General Release Payment.

(vii) This section of the Settlement Agreement shall not be considered a material part of the settlement and may be severed from the agreement if the Court finds it is not appropriate, warranted and/or permissible.

## IV.   Claims Administration

### A.   Claims Administrator

The Claims Administrator may appoint as many claims officers, experts, and/or advisors as are necessary to expeditiously carry out the Claims Administrator's duties. The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid from the Settlement Fund. Defendant will be responsible for paying the fees of the third-party claims administrator above any amounts available in the Settlement Fund.  The Claims Administrator's activities shall be performed under the Court's supervision and continuing jurisdiction. The Claims Administrator's specific responsibilities include: (i) assisting Class Counsel and the Court in identifying and locating Settlement Class Members, (ii) disseminating information to Settlement Class Members concerning settlement procedures, (iii) assisting the Court in processing and tabulating Requests for Exclusion, (iv) receiving, processing, and evaluating

Settlement Class Member claims, (v) paying claims and distributing funds as provided in this Agreement and any applicable Court order, and (vi) any related activities.

### B.   Notice

#### 1.   Mail

By the date set by the Court, the Claims Administrator shall send a Summary Notice by first-class regular mail to each Class Member for whom an address has been obtained. The Claims Administrator shall also send the Long Form Notice to any Settlement Class Member who requests it.

#### 2.   Settlement Website

By the deadline for distributing the Class Notice, the Claims Administrator shall establish and maintain the Settlement Website, which will, among other things, (i) enable Settlement Class Members to access and download the Settlement Claim Form, (ii) provide contact information for Class Counsel, and (iii) provide access to relevant documents, including this Agreement, the Long Form Notice, the Preliminary Approval Order, the Complaint, and, when filed, the Order of Final Approval. The Summary Notice and Long Form Notice shall include the address (URL) of www._____.com for the Settlement Website. The Claims Administrator shall maintain the Settlement Website until at least 30 days following the void date for checks.

#### 3.   IVR

By the deadline for mailing the Summary Notice, the Claims Administrator shall establish and maintain a toll-free number that maintains an interactive voice

response (IVR) system to answer questions and allow Settlement Class Members who have a claim ID from the Class Notice to submit a claim.

### 4.    Reminder Notice

The Claims Administrator shall send via e-mail a reminder notice, in substantially the same form as the Summary Notice approved by the Court (except that the notice may be captioned with the phrase "Reminder Notice") to every class member who has not submitted a claim, opted out, or objected. The Claims Administrator shall send these reminders by e-mail fourteen days before the Claims Deadline.

### 5.    Opt-Outs/Requests for Exclusion

The Class Notice shall describe the Settlement Class Members' right to exclude themselves from the class by mailing a Request for Exclusion. Any Settlement Class Member who does not validly and timely submit a Request for Exclusion before the Opt-Out Deadline shall remain a Settlement Class Member, and shall be bound by the terms of this Agreement. If more than one hundred Settlement Class Members submit valid/timely Requests for Exclusion, Defendant has the option to terminate this Agreement. The parties shall treat the exercise of this right as a "Non-Approval of Agreement," as provided in paragraph 7 below, and the terms of that paragraph shall apply. To exercise this right, Defendant must give express written notice of that fact to all Class Counsel via e-mail and regular mail no later than seven days after the Opt-Out Deadline.

### 6.    Objections

The Class Notice shall also provide a procedure for Settlement Class Members to object to the settlement set forth herein and any of its terms. Objections must be received by the deadline set by the Court.

### 7.    Non-Approval of Agreement

This Agreement is conditioned on entry of an Order of Final Approval, and that order becoming final. In the event that the Agreement is not so approved (unless the non-approval is due to the actions of Defendant other than Defendant exercising its right to terminate the agreement because more than one hundred Settlement Class Members submitted timely/valid Requests for Exclusion), the case shall return to *the status quo ante* as of the date of this Agreement, as if no Agreement had been negotiated or entered into. In that event, Defendant shall be relieved of its obligation to make available the amount of the Settlement Fund. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date of the Agreement, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have.

### 8.    CAFA Notice

Defendant will cause any notices required by the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715 to be served by no later than ten days after the Preliminary Approval motion is filed.

### C.    Claims Process

In order to make a claim, a Settlement Class Member must submit a Claim Form in compliance with the procedures set forth in the Class Notice and the

Preliminary Approval Order. To be valid, the Settlement Claim Form must state the putative Settlement Class Member's name, physical address, and claim ID number, be signed by the putative Settlement Class Member, and provide such other information as may be necessary to validate the claim. All Settlement Claim Forms must be submitted by the Claims Deadline as set forth in the Class Notice and Preliminary Approval Order. Any Settlement Claim Form submitted after the Claims Deadline shall be deemed invalid, unless otherwise ordered by the Court.

### D.    Retention of Records

The Claims Administrator shall retain records relating to payment of claims under this Agreement for five years from the Effective Date. The confidentiality of those records shall be maintained in accordance with the Preliminary Approval Order.

## V.    Termination Of Litigation/Jurisdiction

### A.    Termination of Litigation

The Parties agree that upon the Effective Date, the Litigation shall be deemed terminated in accordance with the Order of Final Approval.

### B.    Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Litigation, the Parties, and this Agreement with respect to the performance of its terms and conditions (and any disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## VI.    Release

Upon the Effective Date of this Agreement, the Releasees shall be released and forever discharged from all Released Claims by the Class Representative and each Settlement Class Member. The Class Representative and each Settlement Class Member agree they shall not hereafter seek to establish liability against any Releasee for any Released Claim. The Class Representative and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final Approval shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

## VII.   Miscellaneous Provisions

### A.   Cooperation to Facilitate this Settlement

The Parties agree they shall work together in good faith to facilitate this Agreement, as well as undertake any steps reasonably needed to effectuate the purpose and intent of this Agreement.

### B.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement, and have been given the opportunity to review independently this Agreement with such legal counsel, and agree to the particular language of the provisions herein.

### C. No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegation, claim, or defense raised or made by any Party, and Defendant denies any fault, wrongdoing or liability to Plaintiff or the Settlement Class Members for damages or other relief.

### D. Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### E. Integration

This Agreement constitutes a single, integrated contract expressing the entire agreement of the Parties relative to its subject matter. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### F.    Drafting

This Agreement is a collaborative effort of the Parties and their respective attorneys, and the Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*.

### G.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### H.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### I.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### J.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that

the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

### K.    No Violation of Law or Agreement

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

### L.    Successors

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties thereto.

### M.    Choice of Law

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the Settlement, and any determination regarding Class Counsel's fees and expenses, and any Incentive Payment, shall be governed by the law of the Court at the time of entry of the Order of Final Approval.

### N.    Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, in the best interests of the Parties and Settlement Class Members, and arrived at this Agreement as a result of

substantial arms-length negotiations with the assistance of a professional mediator.

**O.    Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**P.    Counterparts**

This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**Q.    Facsimile and E-mail**

Transmission of a signed Agreement by facsimile or e-mail shall constitute receipt of an original signed Agreement by mail.

**R.    Warranty of Signature**

Each signer of this Agreement represents and warrants that he or she is competent and possesses the full and complete authority to execute this Agreement on behalf of the Party to this Agreement for which he or she is signing, and that this Agreement is binding on the Party he or she represents.

**S.    No Assignment**

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claim, causes of action, or demand which was or could have been, or ever could be asserted against any Party and that is released in this Agreement, or which

22

was, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this paragraph shall indemnify and hold harmless the other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this paragraph.

In Witness Whereof, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: 04 / 16 / 2021

Ian Taylor
*Plaintiff and Class Representative*

Dated: 04/18/2021

Citizens Telecom Services Company, LLC

By: John M. Greifzu, Jr.

Title: Assistant Secretary

23