UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IAN TAYLOR,

    *Plaintiff*,

v.                                     Case No.: 8:20-cv-509-36CPT

CITIZENS TELECOM SERVICES
COMPANY, LLC,

    *Defendant.*

_____/

**ORDER CERTIFYING SETTLEMENT
CLASS GRANTING PRELIMINARY APPROVAL OF
SETTLEMENT AND DIRECTING NOTICE TO THE CLASS**

This cause came before the Court for a hearing on June 30, 2021 [ECF No. 53] upon Plaintiff's Unopposed Motion and Memorandum in Support of Class Certification and Preliminary Approval of Proposed Class Action Settlement ("the Motion") [ECF No. 46]; and the Settlement Agreement and Release ("the Settlement Agreement") [ECF No. 46-1], both filed on April 19, 2021. The Court, having reviewed the Motion and the Settlement Agreement and heard argument from counsel, being otherwise fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion [ECF No. 46] is **GRANTED** pursuant to Federal Rule of Civil Procedure 23. The terms of the Settlement Agreement [ECF No.46-1], including all Exhibits thereto, attached to the Motion, are preliminarily **APPROVED**, subject to further consideration at the Fairness Hearing provided

125501847.1

for below.[1] This Order incorporates the Settlement Agreement, including all Exhibits. The Court finds the settlement embodied in the Settlement Agreement is sufficiently within the range of reasonableness so that notice of the settlement should be given as provided in this Order.

In making this determination, the Court has considered the current posture of the litigation, the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation, as well as other similar cases within this district. *See, e.g., Hicks v. Lockheed Martin Corp.*, No. 19-cv-00261 (M.D. Fla. Dec. 11, 2019) (Moody, J.); *Vazquez v. Marriott International, Inc.*, No. 17-cv-00116 (M.D. Fla. Feb. 27, 2020) (Scriven, J.); *Rigney v. Target Corporation*, No. 19-cv-01432 (M.D. Fla. Nov. 20, 2020) (Scriven, J.).

### THE CLASS, CLASS REPRESENTATIVE, AND CLASS COUNSEL

2. The Settlement Class is defined as follows:

> **(i) All participants and beneficiaries in Frontier's Health Plan (ii) who, within the four years prior to the filing of the Complaint, were sent a COBRA notice by Frontier (iii) as a result of a qualifying event and (iv) who did not elect COBRA**.

Defendant represents that, according to its records, 16,317 participants and beneficiaries in the Defendant's Health Plan potentially meet this definition. Notwithstanding the foregoing, in compliance with 28 U.S.C. § 455, the Settlement

---

[1] Following the Preliminary Approval hearing, the Parties submitted a Joint Motion To Slightly Modify the Notice and Claims Process Plan. ECF No. 55. That motion is GRANTED and consistent with the relief requested therein, the Claims Administrator is not required to establish an IVR system or send reminder notices to the class members via e-mail.

2

Class specifically excludes the following persons: the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, and their spouses and minor children.

3. The Court makes the following determinations as to certification of the Settlement Class: (a) the Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3); (b) Named Plaintiff Ian Taylor and the Class Members have Article III standing, and this Court has jurisdiction over this lawsuit and their claims; (c) the Settlement Class is so numerous that joinder of all members is impracticable; (d) there are questions of law or fact common to the members of the Settlement Class; (e) the claims of the Plaintiff are typical of the claims of the other members of the Settlement Class; (f) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement; (g) common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; and, (h) resolution of the claims in this litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

4. Pursuant to Fed. R. Civ. P. 23(g), the Court determines that Brandon J. Hill and Luis A. Cabassa are adequate to represent the Class and appoints them Class Counsel.

**NOTICE TO CLASS MEMBERS**

5.  The Court has considered the proposed forms of notice including the Summary Notice and Long Form Notice for the Settlement Website, (attached as Exhibit 2 and 3 to the Settlement Agreement) and Settlement Claim Form (attached as Exhibit 4 to the Settlement Agreement), and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the constitutional requirements of notice. The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Long Form Notice for the Settlement Website, and Settlement Claim Forms), and orders that notice be given in substantial conformity therewith. The notice program shall commence on or about 45 days after entry of this Order (the "Notice Deadline"). The costs of preparing, printing, publishing, mailing, and otherwise disseminating the notice shall be paid from the Settlement Fund, as set forth in the Settlement Agreement. Consistent with the Settlement Agreement, Defendant will be responsible for paying the fees of the third-party claims administrator above any amounts available in the Settlement Fund.

6.  The Court appoints Epiq as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a) arranging for distribution of the Class Notice and Settlement Claim Forms to Settlement Class Members; (b)

making any mailings to Settlement Class Members required under the terms of the Agreement; (c) answering all inquiries from Settlement Class Members and/or forwarding such inquiries to Class Counsel or their designee; (d) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding requests for exclusion from the Settlement Class; (e) establishing the Settlement Website that posts notices, Settlement Claim Forms, and other related documents; (f) receiving and processing Settlement Claim Forms from and distributing settlement payments to Settlement Class Members; and (g) otherwise assisting with implementation and administration of the terms of the Settlement Agreement.

### REQUEST FOR EXCLUSION FROM THE CLASS

7. A Settlement Class Member who wishes to be excluded from the Settlement Class shall mail a written Request For Exclusion to the Claims Administrator, so that it is postmarked on or before **November 30, 2021** (the "Opt-Out and Objection Deadline"), and shall clearly state the following: (a) identify the case name and number; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in *Taylor v. Citizens Telecom Services Company, LLC*."

8.     A Settlement Class Member who desires to opt out of the Settlement Class must take timely affirmative written action pursuant to this Order, even if he or she (a) files or has filed a separate action against any of the Releasees (as the term Releasees is defined the Settlement Agreement) or (b) is, or becomes, a putative class member in any other class action filed against any of the Releasees.

9.     Any Settlement Class Member who does not properly and timely mail a Request For Exclusion as set forth above shall be automatically included in the Settlement Class, and shall be bound by all the terms and provisions of the Settlement Agreement, including the Release and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## OBJECTIONS

10.     Objections must be received by Judge Charlene Honeywell on or before the Opt-Out and Objection Deadline (by **November 30, 2021**). The objection must include: (a) the case name and number; (b) the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his or her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he or she intends to appear at the Final Approval Hearing, either with or without counsel; (e) any documentation in support of such objection; and (f) a copy of the allegedly defective COBRA notice received by the objecting Settlement Class Member. Any Settlement Class Member who fails to

object to the Settlement in the manner described in the Class Notice and consistent with this Paragraph shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

### CLAIMS PROCESS

11. To effectuate the Settlement Agreement, Class Settlement, and the provisions of the Class Notice program, the Claims Administrator shall be responsible for the receipt of all Requests for Exclusion and Settlement Claim Forms. The Claims Administrator shall preserve, on paper or transferred into electronic format, all Requests for Exclusion, Settlement Claim Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Settlement Class Members relating to the Settlement Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for Citizens Telecom Services Company, LLC, d/b/a Frontier Communications ("Frontier"), including prior to payments being mailed to each Settlement Class Member.

12. In order to be entitled to participate in the Class Settlement, if effectuated in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be

subject to the following requirements: (a) A Settlement Class Member who wishes to receive a distribution from the Settlement Fund must submit a properly executed Settlement Claim Form to the Claims Administrator on or before the Claims Deadline, which is **January 10, 2022**. If such Settlement Claim Form is submitted by mail via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Form is transmitted in any manner other than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator; (b) Except as provided herein, each completed Settlement Claim Form must contain the following information: (i) name; (ii) physical address; (iii) claim ID number; (iv) have the appropriate boxes checked on the Claim Form indicating which circumstances apply to the putative Settlement Class Member; and, (v) be signed by the putative Settlement Class Member; (c) Any questionable Settlement Claim Form shall be submitted to and reviewed by Class Counsel and counsel for Frontier, who shall determine whether the claim should be allowed; (d) All Settlement Class Members who do not submit a timely Settlement Claim Form or who submit a Settlement Claim Form that is disallowed and not cured, shall be barred from participating in the Class Settlement and shall be bound by all of the terms and provisions of the Settlement Agreement; and (e) Any Settlement Class Member who does not validly and timely submit a Request for Exclusion before

the Opt-Out Deadline shall remain a Settlement Class Member, and shall be bound by the terms of the Settlement Agreement.

## CONFIDENTIALITY

13. All information about Settlement Class Members shall be kept confidential, except that such information may be shared with the Court, the Claims Administrator, and any party Class Counsel subpoenas for the purpose of obtaining Settlement Class Members' names and contact information.

## ATTORNEYS' FEES AND COSTS, AND GENERAL RELEASE PAYMENT

14. Class counsel's request for one-third of the common fund as a fee, plus litigation costs, appears reasonable at this preliminary stage and in line with *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 770 (11th Cir. 1991). Pursuant to Rule 23(h), Class Counsel is directed to file a motion for attorneys' fees and costs at least fourteen (14) days prior to the objection deadline.  The Court is also advised that the Parties have agreed that Frontier will make a $5,000 payment to Named Plaintiff Ian Taylor in exchange for a general release of claims that Taylor may have against Frontier in connection with his employment.

## FAIRNESS HEARING

15. The Court requires a fairness hearing to be set 120 days after preliminary approval of a class settlement.

16. A hearing on final settlement approval (the "Fairness Hearing") will be held **on January 14, 2022, at 11:00 a.m.** before this Court, at the United States District Court for the Middle District of Florida, Tampa Division, United

9

States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602, to consider, inter alia, the following: (a) determining the fairness, adequacy, and reasonableness of the Settlement Agreement and Class Settlement pursuant to the Federal Rules of Civil Procedure, applicable law, and other procedural rules or and requirements; and (b) entering the Order of Final Approval.

17. At least 14 days prior to the Opt-Out and Objection Deadline, Class Counsel shall file with the Court any Fee Petition.

18. At least 21 days before the Fairness Hearing, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Settlement Agreement and Class Settlement.

19. Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above and who also has timely filed an objection may appear at the Fairness Hearing in person or by counsel and may be heard to the extent allowed by the Court. However, no person shall be heard in opposition to the Settlement Agreement and Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless that person files such papers and briefs with the Court and serves them upon counsel listed below by the Opt-Out and Objection Deadline. Settlement Class Members who object in the manner and by the dates provided herein and in accordance with paragraph 10 above shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein and in accordance with

125501847.1

paragraph 10 above shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

20. Counsel for the Parties who must be served with all documentation described above as follows:

| *Counsel for the Settlement Class*: | *Counsel for Frontier*: |
|---|---|
| Brandon J. Hill (FBN 37061) | Aaron S. Weiss (FBN 48813) |
| Luis A. Cabassa (FBN 053643) | Charles Throckmorton (FBN 101203) |
| Wenzel Fenton Cabassa, P.A. | Carlton Fields, P.A. |
| 1110 N. Florida Ave., Ste. 300 | 700 NW 1st Ave., Ste. 1200 |
| Tampa, Florida 33602 | Miami, Florida 33136 |

21. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above, and file it with the Court, within 30 days after the Claims Deadline.

22. The date and time of the Fairness Hearing shall be set forth in the Summary Notice, Long Form Notice, and the Settlement Website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the Settlement Website to be established pursuant to the Class Notice program.

23. Pending Final Approval, all Settlement Class Members are hereby preliminarily enjoined from, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class): (a) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

24. Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be deemed to have forever released any and all of the Released Claims against any of the Releasees as described in the Settlement Agreement, including all claims for relief that were raised or could have been raised by Plaintiff and the Settlement Class Members from the facts alleged in the Complaint, including, but not limited to, claims arising under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") or any similar statute or other law. In addition, upon Final Approval, all such Settlement Class Members shall be forever enjoined and barred from asserting any of the Released Claims against any of the Releasees.

**OTHER PROVISIONS**

25. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

26. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor this Order shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

27. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or

declaration by or against Frontier or non-party Empyrean Benefit Solutions, Inc. of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs, Settlement Class Members that their claims lack merit or that the relief requested in the Complaint in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

## SUMMARY OF DEADLINES

28. The following summarize the deadlines stated above for issuing notice and submitting claims and objections:

| | |
|---|---|
| **October 25, 2021** | Deadline for notice of the Settlement to be sent to the Settlement Class Members |
| **November 16, 2021** | Plaintiff to file attorney fee petition and seek litigation costs |
| **November 30, 2021** | Deadline for Settlement Class Members to request exclusion or file objections (Opt-Out and Objection Deadline) |
| **January 10, 2022** | Deadline for Settlement Class Members to submit a Settlement Claim Form (Claim Deadline) |
| **December 17, 2021** | Deadline for Parties to file the following: (1) List of persons who made timely and proper Requests for Exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |

125501847.1

15

| January 14, 2022 at 11:00 a.m. | Final Approval Hearing |
|---|---|

**DONE and ORDERED** in Tampa, Florida, this 10th day of September, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

cc: counsel of record