# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**IAN TAYLOR, individually**
**and on behalf of all others**
**similarly situated**

    **Plaintiff,**
v.                                           **CASE NO.: 8:20-cv-509-T-36CPT**

**CITIZENS TELECOM SERVICES**
**COMPANY, LLC,**

    **Defendant.**
_____/

## DECLARATION OF BRANDON J. HILL

I, Brandon J. Hill, declare under penalty of perjury as follows:

1.  Unless otherwise indicated, the facts set forth below are based on my personal knowledge and the opinions set forth herein are my own. I understand that this declaration under oath may be filed in the above captioned action.

2.  I am a partner at Wenzel Fenton & Cabassa, P.A., and counsel in the above-styled case.

3.  I am a licensed attorney in Florida, Illinois, and the District of Columbia. I have been a member of the Florida Bar since April of 2007, and have practiced almost exclusively labor and employment law since that time. I have an LL.M. from George Washington University School of Law, a J.D. from

1

Florida State University College of Law, and two Bachelor's degrees from the University of Kansas.

4. I am admitted in the United States District Courts for the Northern, Middle, and Southern District Courts of Florida, the Northern District of Illinois, the Eastern District of Michigan, and the United States Court of Appeals for the Eleventh Circuit.

5. I have represented employers and employees in all stages of litigation in federal and state courts throughout Florida, and beyond. In the Middle District of Florida alone I have served as co-counsel or lead counsel in 500+ federal cases.

6. I have been appointed as class counsel in multiple class action cases including, for example, in: *Hargrett, et al. v. Amazon.com, DEDC, LLC*, 8:15-cv-02456-WFJ-AAS, M.D. Fla. Case No.: 8:15-cv-02456 (appointed as class counsel in FCRA case with 480,000+ class members presided over, first by Judge Lazzara and later by Judge Jung); *Speer v. Whole Foods Market Group, Inc.*, 8:14-cv-03035-RAL- TBM (M.D. Fla.) (Fair Credit Reporting Act class action settlement involving 20,000 individuals presided over by Judge Lazzara); *Kohler, Kimberly v. SWF Operations, LLC and Domino's Pizza, LLC*, Case No. 8:14-cv-2568-T-35TGH (appointed class counsel for FCRA class case); *Brown, et al. v. Lowe's Companies, Inc., and LexisNexis Screening Solutions, Inc.*, Case No.: 5:13-CV-00079-RLV-DSC (W.D.N.C) (appointed as co-class

2

counsel in national FCRA class action matter involving 451,000 class members); *Smith, et al. v. QS Daytona, LLC,* Case No.: 6:15-cv-00347-GAP-KRS (M.D. Fla.) (Doc. 45) (appointed as class counsel in FCRA class action); *Patrick, Nieyshia v. Interstate Management Company, LLC*, Case No. 8:15-cv-1252-T-33AEP (M.D. Fla.) (appointed as class counsel in FCRA class action with approximately 32,000 class members); *George v. Primary Care Holding Inc.*, Case No. 0:17-cv-60217-BB (S.D. Fla.) (appointed as class counsel in FCRA class); *Moody, et al v. Ascenda, et al.*, Case No. 0:16-cv-60364-WPD (S.D. Fla.) (appointed as class counsel in FCRA class action with approximately 12,000 class members); *Mahoney v. TT of Pine Ridge, Inc.,* Case No.: 9:17-cv-80029-DMM (S.D. Fla. Nov. 20, 2017) (TCPA case with 300,000+ class members).

8. I have been retained by Plaintiff as counsel in the instant case. I possess the experience required to represent the proposed Class.

9. I also have confidence that Mr. Taylor will continue to be loyal to the class.

10. At all times Mr. Taylor has actively participated in this case and represented the interests of the class members. He assisted in the drafting of the Complaint, attended mediation, and has otherwise actively participated in this litigation. No conflicts, disabling or otherwise, exist between Mr. Taylor and the class members. I also have no conflicts with any class members.

11. My co-counsel, Luis A. Cabassa, and I have the desire, intention, and ability to prosecute these claims in the face of strenuous opposition by Defendant.

12. The decision to mediate this case, and resolve this case, on a class basis was well informed. Prior to settling this case we obtained from Defendant substantive information on the class, along with information on Defendant's COBRA notice.

13. This case has a unique procedural. Taylor filed this action on March 4, 2020 [ECF No. 1].

14. Shortly after service of the Complaint, on April 15, 2020, Frontier filed a Notice of Pendency of Bankruptcy [*see* ECF No. 14], wherein it noted that it and its parent company filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. *See In re Frontier Communications Corporation, et al.*, Case No. 20-22476 (RDD) ("Chapter 11 Case"). Frontier also noted the applicability of the automatic stay pursuant to Section 362 of the Bankruptcy Code.

15. The Court entered an order staying this action on April 30, 2020 [ECF No. 15].

16. Our firm then retained experienced bankruptcy lawyers to pursue this matter as an adversary proceeding in a related bankruptcy proceeding. The Parties then agreed to ask the bankruptcy court to enter an order that

functionally lifted the automatic bankruptcy stay with respect to this case, which the bankruptcy court did on July 28, 2020. After that, this case returned to active litigation here in the District Court.

17. Defendant then filed a Motion to Dismiss. [ECF No. 32]. Following the filing of that Motion, after much discussion between counsel, the Parties agreed to try and mediate this case early.

18. Mediation occurred on February 11, 2021. Although no settlement was reached that day, with the assistance of mediator Rodney Max, one of the area's most respected mediators, the Parties were able to reach a potential class wide resolution. The Parties filed their Notice of Resolution on March 9, 2021. [ECF No. 42].

19. Work I performed in this case includes, but is not limited to, the following: conducting class action-research; drafting and filing the complaint; reviewing and analyzing class-related information submitted by Defendant; extensive work with bankruptcy counsel to initiate and begin the adversary proceeding in bankruptcy court; additional follow-up work with bankruptcy counsel to return this case to District Court; analyzing Defendant's Motion to Dismiss; preparing and attending mediation; drafting, editing, and finalizing the motion seeking preliminary approval of the class Settlement; reviewing and analyzing the proposed Settlement Agreement and supporting attachments, including the proposed class notification documents; responding to inquiries

5

from the class members after Class Notice was sent out; handling questions from the Settlement Administrator; and, of course, drafting this Motion.

20. The terms of the Settlement Agreement were carefully modeled after similar COBRA class action settlements approved in the Middle District of Florida, including by Judge Moody in *Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34), and Judge Scriven in *Vazquez v. Marriott International, Inc.*, M.D. Fla. Case No. 8:17-cv-00116-MSS-MAP (Feb. 27, 2020, Doc. 127).

21. Based upon my involvement in many, many class actions over the last few years, including in each of deficient COBRA notice cases filed and settled in this District over the last few years cited above, this settlement is fair, reasonable, and adequate.

22. In sum, as Plaintiff's counsel I was well-positioned to evaluate the strengths and weaknesses of Plaintiff's claims, as well as the appropriate basis upon which to settle them, as a result of similar class action cases I've brought in the past. I fully support the settlement.

23. For the reasons set forth above, I respectfully submit that this settlement is fair, reasonable, and adequate and should be approved.

24. Finally, our law firm incurred $5,230.00 in costs prosecuting this class action.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.*

Dated this 17th day of December, 2021.

*[signature]*

**Brandon J. Hill**